UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUREK, INC.,

    Plaintiff,                                         Case No.:

v.

AMGUARD INSURANCE COMPANY,

    Defendant.
_____/

**<u>AMGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW</u>**

Defendant/Petitioner, AMGUARD INSURANCE COMPANY ("AmGUARD"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1332, and 1446, respectfully petitions this Court for the removal of the Complaint in the above-captioned action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Petition, AmGUARD states as follows:

    1.    This removal is based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441, with an amount in controversy exceeding $75,000, excluding interests and costs.

    2.    On May 17, 2023, Plaintiff BUREK, INC. ("Burek" or "Plaintiff") filed this action against AmGUARD in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No.: 23-CA-012594. [*See* Exhibit 1,

Complaint]. Plaintiff's Complaint purports to assert a claim against AmGUARD for common law insurance bad faith seeking to collect, among other damages, the Amended Final Judgment entered in favor of Plaintiff and against, among others, Burek in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No.: 20-CA-003431 ("Underlying Action"). [*Id*. at ¶¶ 36, 37, WHEREFORE clause and Exhibit 2]. AmGUARD was served with the Complaint on June 1, 2023. [Exhibit 2, Notice of Service of Process and Summons].

3. On June 13, 2023, AmGUARD removed the instant action to the U.S. District Court for the Middle District of Florida, Tampa Division. [*See* AmGUARD's Notice of Removal, attached hereto as Exhibit 3]. The case was assigned to Judge Honeywell and was assigned Case No.: 8:23-cv-01323-CEH-JSS. [*Id.* at Doc. 2].

4. On June 20, 2023 AmGUARD filed its Motion to Dismiss Plaintiff's Complaint. [*Id.* at Doc. 11]. On June 28, 2023, Plaintiff filed its Response to AmGUARD's Motion to Dismiss and Plaintiff filed its Motion for Remand. [*Id.* at Doc. 12; Doc. 13]. On July 12, 2023, AmGUARD filed its Response in Opposition to Plaintiff's Motion for Remand. [*Id.* at Doc. 14].

5. On November 13, 2023, this case was re-assigned to Judge Kathryn K. Mizelle per M.D. L.R. 1.07(a)(1) and was assigned Case No.: 8:23-cv-1323-KKM-JSS. [*See* Doc. 22 in Case No.: 8:23-cv-01323-CEH-JSS and Doc. 23 in Case No.: 8:23-cv-1323-KKM-JSS].

6. On November 21, 2023, Judge Mizelle entered an Order remanding this case to state circuit court on the basis that Plaintiff's third-party common law bad faith

claim was not ripe for adjudication due to the ongoing appeal of the underlying Final Judgment that was proceeding in the Second District Court of Appeal. [*Id.* at Doc. 25]. That appeal was assigned Case No.: 2D-2022-2163.

7. On December 1, 2023, the Mandate was issued by the Second District Corut of Appeal in Case No.: 2D-2022-2163. [*See* Mandate from the Second District Court of Appeal, attached hereto as Exhibit 4]. "It is well settled that the judgment of an appellate court, where it issues a mandate, is a final judgment." *Thibodeau v. Sarasota Memorial Hosp.*, 449 So. 2d 297, 298 (Fla. 1st DCA 1984); *Robbins v. Pfieiffer*, 407 So. 2d 1016, 1017 (Fla. 5th DCA 1981) ("The judgment of an appellate court, when it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act."); *O.P. Corp. v. Village of North Palm Harbor*, 302 So. 2d 130, 131 (Fla. 1974) (same). Because the appeal has been resolved and the Mandate issued, the Final Judgment in the Underlying Action is ripe as there has been a final determination of and the basis for Judge Mizelle's remand order has been resolved.

8. As shown herein, all conditions necessary for removal have bene fully satisfied. *See* 28 U.S.C. §§ 1332, 1441 and 1446.

9. Burek is a citizen of the State of Florida for diversity purposes. 28 U.S.C. § 1332(a)(1); [Exhibit 1, at ¶ 4]. Burek is incorporated in Florida, with its principal place of business in Tampa, Florida. [*See* Exhibit 3, at Exhibit C, State of Florida, Division of Corporations website printout (stating that Burek is a "Florida Profit Corporation" with its principal address in Tampa, Florida)]. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State

where it has its principal place of business."). 28 U.S.C. § 1332(c)(1); *Maryland Cas. Co. v. Mid-Continent Cas. Co.,* 2013 WL 12166223, at *1 (M.D. Fla. 2013).

10. AmGUARD is a citizen of the State of Pennsylvania for diversity purposes. 28 U.S.C. § 1332(c)(1). AmGUARD is incorporated in Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania. [*See* Exhibit 3, at Exhibit D, State of Florida, Division of Corporations website printout (stating that AmGUARD is a foreign corporation incorporated in Pennsylvania with its principal address in Wilkes-Barre, Pennsylvania)]. *Id.*; *Maryland Cas. Co.,* 2013 WL 12166223, at *1.

11. There is complete diversity of citizenship among the parties to this action. 28 U.S.C. § 1446(A)(1). Because Burek is a citizen of Florida and AmGUARD is a citizen of Pennsylvania, complete diversity exists between the parties. *See*, 28 U.S.C § 1332(a).

12. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold without interest and costs. 28 U.S.C. § 1332(a)(1). In the Complaint, Burek has demanded judgment against AmGUARD for, among other alleged damages, the unsatisfied amount of the $17,000,000 Amended Final Judgment entered in the Underlying Action and "$1,044,054.74 in out-of-pocket payments." [Exhibit 1 at ¶¶ 36, 37, 38 and WHEREFORE clause; *See* Exhibit 1, at Plaintiff's Exhibit 2].

13. Based on the foregoing, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332 (proving that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States).

14. AmGUARD's Notice of Removal is timely, as it has removed Plaintiff's third-party common law bad faith action from state court to federal court because it has become fully ripe based on the issuance of the Mandate by the Second District Court of Appeal. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subjection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 n. 63 (11th Cir. 2007) (stating that a case becomes removable under § 1446(b)(3) when "(1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists. § 1446(b)," and that the "documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."); *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 760 (11th Cir. 2010) (holding that "defendant's receipt of a document indicated that the case has become removable opens a new 30-day window for removal."); *Astorquiza v. Covington*

5

*Specialty Ins. Co.*, 2019 WL 57199355, *2 (M.D. Fla. June 21, 2019) ("When a party first ascertains from an amended pleading, motion, order, or other paper that a case is removable, this effectively triggers a second thirty-day filing period or 'renewed removal window.' This renewed thirty-day removal window opens despite the amount of time that has passed since the initial pleading; provided, however, there is a one-year cap on removal if federal jurisdiction is based on diversity," and finding that the defendant's receipt of an adjuster's estimate on January 22, 2019 and subsequent removal on January 29, 2019 was "timely," pursuant to section 1446(b)(3)) (citations omitted).

15. Specifically, the triggering event in this case under 28 U.S.C. § 1446(b)(3) was the issuance of the Mandate (i.e., an order) of the Second District Court of Appeal on December 1, 2023, which clearly and unequivocally establishes that this Court has diversity jurisdiction over the instant action, as the basis for the claim being unripe has been resolved. GEICO has also removed this case within 30 days of receipt of the Mandate and has, thus, satisfied the timing requirements of 28 U.S.C. § 1446(b)(3). Additionally, GEICO has removed this action within one (1) year after the commencement of the lawsuit. 28 U.S.C. § 1446(c). AmGUARD has paid the removal fee contemporaneously with the filing of this Notice of Removal.

16. True and legible copies of all process, pleadings, and other papers filed in the state court proceedings are attached as composite Exhibit 5. 28 U.S.C. § 1446(a) (providing that the Notice of Removal include "a copy of all process, pleadings, and orders served upon" the defendant); M.D. Fla. L.R. 1.06(b) ("The removing party

6

must file with the notice of removal a legible copy of each paper docketed in the state court.").

**WHEREFORE**, Defendant/Petitioner, AMGUARD INSURANCE COMPANY, respectfully requests that the action now pending against it in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant any further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *See Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000) (stating that "[r]emoval is proper when a federal court would have original jurisdiction."). For a district court to have original jurisdiction over a case alleging only state law claims, there must be complete diversity and the threshold amount in controversy. 28 U.S.C. § 1332(a)(1). Specifically, the matter in controversy must involve citizens of different States, and the

amount in controversy must exceed $75,000, exclusive of interest and costs. *Id.* An action brought in state court may be removed on diversity jurisdiction if the defendant is not a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b). The burden is on the party seeking removal to federal court to allege that it has met all of the applicable statutory requirements. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)(stating that because "the case was originally filed in state court and removed to federal court by [defendant, defendant] bears the burden of proving that federal jurisdiction exists."); *Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978)("The defendant bears the initial burden of adequately alleging jurisdiction on removal.").

I. **There is Complete Diversity of Citizenship Among the Parties.**

AmGUARD has met the statutory requirements for removal of the Plaintiff's Complaint to this federal court; therefore, removal is proper and appropriate. This Court has original jurisdiction over this matter as there is complete diversity of citizenship among the parties. Burek is a citizen of the State of Florida. 28 U.S.C. § 1332(a)(1). Burek is incorporated in Florida, with its principal place of business in Tampa, Florida. [*See* Exhibit A at ¶ 4; Exhibit C (stating that Burek is a "Florida Profit Corporation" with its principal address in Tampa, Florida)]. Conversely, AmGUARD is a foreign corporation organized under the laws of Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania. [Exhibit D].

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business." 28 U.S.C. § 1332(c)(1); *Maryland Cas. Co.,* 2013 WL 12166223, at *1 Based on the foregoing, this Court has diversity jurisdiction, and removal is proper.

## II. The Amount in Controversy Exceeds $75,000.

The amount in controversy in this action exceeds the $75,000 jurisdictional threshold, without interest and costs, because Burek seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In the Complaint, Burek has demanded judgment against AmGUARD for, among other alleged damages, the unsatisfied amount of the $17,000,000 Amended Final Judgment entered in the Underlying Action and "$1,044,054.74 in out-of-pocket payments." [Exhibit A at ¶¶ 36, 37, 38 and WHEREFORE clause; *See* Exhibit A at Exhibit 2]. "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Based on the foregoing, this Court has diversity jurisdiction, and removal is proper.

## III. The Notice of Removal is timely.

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship, and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446. According to § 1446(b), ". . . a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

9

upon which such action or proceeding is based…" 28 U.S.C. § 1446(b). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright*, 456 F. Supp. at 1078.

AmGUARD has complied with all the procedural requirements, including the time requirements set forth in 28 U.S.C. § 1446(b). Burek filed the Complaint on May 17, 2023. [Exhibit A at 1 ("E-Filed 05/12/2023 04:22:04 pm")]. AmGUARD was served with the Complaint on June 1, 2023. [Exhibit B]. AmGUARD filed and served the present Notice of Removal within thirty (30) days of service of the Complaint. Further, this matter has been removed within one year after the commencement of this action. 28 U.S.C. § 1446(c)(1). Therefore, the removal of this action to this Court is timely and proper.

**WHEREFORE**, Defendant/Petitioner, AMGUARD INSURANCE COMPANY, respectfully requests that the action now pending against it in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, be removed therefrom to this Honorable Court and that this Court assume full jurisdiction over the cause herein as provided by law, and grant any further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2023, the foregoing document was filed and served this day on all counsel of record identified on the attached Service List in the manner specified.

/s/ *Jordan M. Thompson*
**JORDAN M. THOMPSON, ESQ.**
Florida Bar no.: 87600
jthompson@flalawyer.net
**MEGAN E. ALEXANDER, ESQ.**
Florida Bar No.: 58883
malexander@flalawyer.net
**DAVID M. ANGLEY, ESQ.**
Florida Bar No. 0121464
dangley@flalawyer.net
Young, Bill, Boles, Palmer, Duke
& Thompson, P.A.
401 E. Jackson St., Suite 2950
Tampa, FL 33602
Telephone: (813) 603-3006
Facsimile: (813) 603-3011
*Co-Counsel for Defendant, AmGuard*

*And*

**DALE A. EVANS, JR., ESQ.**
Florida Bar No. 98496
dale.evans@lockelord.com
Locke Lord, LLP
East Tower Suite 215
777 S. Flagler Dr
West Palm Beach, FL 33401-6161
Telephone: (561) 820-0248
Facsimile: (561) 828-7994
*Co-Counsel for Defendant, AmGuard*

## SERVICE LIST

**BRANDON CATHEY, ESQ.**
Florida Bar No. 941891
**STEPHANIE MILES, ESQ.**
Florida Bar No. 15516
Cathey & Miles, P.A.
235 3rd Ave. North #714
St. Petersburg, FL. 33701
Telephone: (727)308-2222
Lit@Catheymiles.com
*Attorneys for Plaintiff*